UTICA,<br>July, 1833.<br><br>The People<br>v.<br>Gay.

New trial denied.

---

### The People *vs.* Gay.

A court of *general sessions* may return or *remit* an indictment to the *oyer and terminer* holden in the same county, which was originally found in and re-mitted from the *oyer and terminer.*

*It seems* also, that a *recognizance* taken in the *oyer and terminer* for the appear-ance of a party at the next *general sessions* may be *respited* from the ses-sions to the *oyer and terminer.*

DECLARATION on recognizance and demurrer thereto. The declaration stated that at the Onondaga *oyer and terminer* held in March, 1832, an indictment for perjury was found against *Enoch Gay,* and at the same court Enoch Gay, and the de-fendant *Justus Gay,* as his surety, entered into a recognizance, conditioned that Enoch Gay should personally appear at the then next court of *general sessions* to be held in and for the county of Onondaga, then and there to answer what should be alleged against him in behalf of the people, and not depart without leave, &c., and that the indictment thus found was *remitted* by the oyer and terminer, to the general sessions; that at the next court of general sessions of the peace holden in and for the said county, to wit, on the fourth Monday of *May*, 1832, the court directed the *recognizance* to be *respited* un-til the next court of general sessions; that at such next court, to wit, on the fourth Monday of *August*, the court directed the recognizance to be *further respited*, until the next court of *oyer and terminer* to be holden in and for the said county, and at the same time *remitted the indictment* to the then next court of oyer and terminer; that at such next court of oyer and termi-ner, to wit, at a court begun and holden at, &c. on the second

Monday of October, 1832, *Enoch Gay* was solemnly called and required to appear in and before the said *court of oyer and terminer* according to the force, form and effect of the recognizance, yet he did not and would not appear, nor did the said *Justus* render or produce him, according to the force, form and effect of the condition of the said recognizance; and that the default of *Enoch Gay* in not appearing was duly entered; by means whereof an action hath accrued, &c.   To this declaration the defendant put in a general demurrer.   The cause was submitted on *written points.*

*Z. T. Newcomb,* for the defendant.

*V. Birdseye,* (district attorney of Onondaga) for the plaintiffs.

*By the Court,* SUTHERLAND, J.   It is contended in support of the demurrer, that the oyer and terminer can receive *from the sessions* only such indictments *as are found there,* but that they have no authority to receive back or try an indictment which they have once sent down to the sessions.

The powers of courts of oyer and terminer are defined by statute, 2 *R. S.* 205, § 29; they have power, 1. To inquire of all crimes and misdemeanors committed within their respective counties; 2. To hear and determine all such crimes and misdemeanors; and 3. To deliver the jails of their respective counties of all prisoners therein, according to law.   It is correctly observed by the counsel for the people, that their power of general jail delivery conferred by the statutes, must be considered at least as ample and comprehensive, as that conferred upon the justices of assize at common law, by their special commission to deliver the jails; and in relation to them it seems to be well settled, that they may try indictments found before other courts, as well as those found before themselves, when the prisoners are in jail; and a person admitted to bail is constructively in prison, his bail being his keepers, 1 *Chitty's Cr. L.* 119.   It is true that the 30th section of the act concerning circuit courts and courts of oyer and terminer, 2 *R. S.* 205, expressly authorizes courts of oyer and terminer to try all indictments *found in the courts of general sessions,* which shall

have been sent by order of such courts to and received by them, &c. But it is not a necessary or fair conclusion from that provision, that the sessions cannot, under any circumstances, return to the oyer and terminer an indictment which was originally found in such court, and which had been sent down to the sessions; or that the oyer and terminer by sending it to the sessions loses the authority which it originally possessed to try it. But if the power of the sessions to return such indictment were admitted to be doubtful under this section, all doubt upon the subject is removed by the 7th section of the following title, 2 *R. S.* 209, § 7, which provides that the several courts of general sessions may, by an order to be entered in their minutes, *send all indictments* for offences triable before them, against prisoners in *jail and others*, which shall not have been heard or determined, to the next court of oyer and terminer, &c. and if such indictment shall be remitted back, without trial by the court of oyer and terminer, to the court from which it came, such court may proceed thereon. This provision covers the whole ground; they may send all indictments to the oyer and terminer, no matter where they may have been originally found, and whether they are against *prisoners in jail or others*.

There is no force in any of the other objections taken to the declaration; they are merely formal, and in most cases verbal criticisms.

Judgment for plaintiffs on demurrer, with leave to defendant to plead.