## SUPREME COURT.

THE PEOPLE, *on the relation of* ABRAHAM SICHEL agt. ALONZO CHAPMAN, Sheriff of Monroe County.

The Revised Statutes (*Tit.* 2, *chap.* 2, *part* 4), sections 7 and 8, provide (in reference to the arrest of criminals), that if the offence charged in the warrant be not punishable with death, or by imprisonment in a state prison, the prisoner may be let to bail by a magistrate of the county in which he is arrested.

By section 11, it is provided that "if the offence charged in the warrant be punishable with death or with imprisonment in a state prison, the officer making the arrest shall convey the prisoner to the county where the warrant was originally issued, before some magistrate thereof, as in the next section prescribed."

Section 12 provides, that persons arrested under any warrant issued for any offence, shall, where no provision is otherwise made, be brought before the magistrate who issued the warrant, or if he be absent, or his office be vacant, before the nearest magistrate in the same county. The subsequent sections provide for an examination before such magistrate, and for letting the prisoner to bail, in case of commitment.

These sections of the statute prohibit equally a *justice of the supreme court* with a *justice of the peace*, from the exercise of the power of letting to bail any person arrested out of the county in which the warrant for his arrest was issued, where the crime alleged is a state prison offence, notwithstanding that section 29, of title 2, empowers "justices of the supreme court" to let to bail in *all cases*, while "justices of the peace" can only take bail in cases of misdemeanor, and certain specified cases of felony.

The latter section (29) relates only to the grade of crimes, in respect to which the several classes of magistrates therein specified may let to bail.

*Seventh District General Term, March,* 1865.

*Before* JOHNSON, J. C. SMITH *and* E. D. SMITH, *Justices.*

A. D. WILKIN, *for relator.*

G. F. DANFORTH, *for defendant.*

By the court, J. C. Smith, J.   The relator was arrested in the county of Monroe by a police constable of the city of New York, by virtue of a warrant, on a charge of obtaining property by false pretences, issued by a police justice of that city, and indorsed by a justice of the peace of the county of Monroe.   After the arrest, the constable placed the prisoner in the custody of the defendant, for safe keeping, in the jail of the county, until the constable could take him to the city of New York, according to the command of the warrant.   The prisoner sued out a writ of *habeas corpus*, and he was brought, with a return showing the facts above stated, before Justice E. D. Smith, at his chambers, in the city of Rochester, and applied to be let to bail.   The justice denied the application, and remanded the prisoner, whereupon the latter sued out a *writ of certiorari.*

The only question presented is, whether the general power of a justice of this court at chambers, to let to bail in all criminal cases, has been so restricted or regulated by statute, as that it cannot be exercised under the circumstances of this case ?   The question turns upon the construction of certain provisions of the second title of chapter 2, part 4, of the Revised Statutes, entitled, " of the arrest and examination of offenders, their commitment for trial, and letting them to bail."   Section 5 of that title provides, that if the person against whom a warrant is issued by a justice of the peace, shall be in any other county, out of the jurisdiction of such justice, it shall be the duty of any magistrate within the county where the offender shall be, to indorse the warrant, and thereupon the officer having the warrant may arrest the offender in the county where it was indorsed.   Sections 7 and 8, provide that if the offence charged in the warrant be not punishable with death, or by imprisonment in a state prison, the prisoner may be let to bail by a magistrate of the county in which he is arrested.   By section 11, it is provided that

if "the offence charged in the warrant be punishable with death, or with imprisonment in a state prison, the officer making the arrest shall convey the prisoner to the county where the warrant was originally issued, before some magistrate thereof, as in the next section prescribed." Section 12 provides, that persons arrested under any warrant issued for any offence, shall, where no provision is otherwise made, be brought before the magistrate who issued the warrant, or if he be absent, or his office vacant, before the nearest magistrate in the same county. The subsequent sections provide for an examination before such magistrate, and for letting the prisoner to bail in case of commitment.

As the offence with which the relator is charged is punishable by imprisonment in a state prison (2 *R. S.* 677, § 53), sections 11 and 12 apply to the case.

It is claimed on the part of the sheriff, that the mandate contained in those sections, which requires the officer making the arrest to convey the prisoner to the county where the warrant was originally issued, must be held to prohibit the letting the prisoner to bail by *any* magistrate out of such county. On the other hand, the relator insists that the mandate referred to is only intended to prevent inferior local magistrates from letting to bail in the cases to which those sections apply, and is not designed to interfere with the power of the justices of this court, who have a general authority to take bail in all cases, and in every part of the state.

We agree in the opinion that the latter construction cannot be maintained. The position taken by the relator concedes that the provisions referred to have the effect to prohibit at least one class of magistrates, to wit: justices of the peace, from taking bail in the cases prescribed. In making this concession he necessarily yields all that is claimed on the other side. The sections referred to, do not in direct terms, prohibit any *class* of magistrates from letting to bail, but they impliedly prohibit *all*, by imposing

a duty upon the arresting officer, which is imperative in all cases to which those sections apply, and the performance of which would be defeated and rendered impossible by any magistrate out of the county, who should assume to let the prisoner to bail. The policy of sections 8 to 12, is thus stated in a note of the revisers to section 12 : "By section 2, 1 Revised Statutes, 149, the justice indorsing the warrant is authorized to take the examination of the prisoner and let him to bail in all cases. The complainant and the witnesses for the prosecution being absent, it is not perceived how the justice can ascertain the probable guilt, so as to enable him to determine on letting to bail, nor does the advantage of an examination appear. For misdemeanors, the accused may be safely allowed to give bail, but in heinous cases, an examination of the witnesses in behalf of the prosecution seems as just to the accused as it is indispensable to enable a magistrate to discharge his duty. The preceding five sections have been prepared upon this principle " (3 *R. S. 2d ed.* 839). The objections thus cogently stated to the practice, which the revisers proposed to abrogate, relate not to the grade of the magistrate, but to the grade of the offence ; they apply to the exercise of the power of bailing by any magistrate, whether his jurisdiction be general or local; and the object of the framers of the statute would be frustrated by holding that the power may be exercised by all magistrates except justices of the peace.

This construction is strengthened by other provisions of the same title. The first section gives equal authority to the several classes of officers therein named, in respect to the powers and duties conferred in the title. It includes "justices of the supreme court," and "justices of the peace." It terms them all "magistrates." The same features are observable in the first section of the next preceding title, which relates to the cognate subject of "proceedings to prevent the commission of crimes." It is true

that section 29, of title 2, empowers "justices of the supreme court" to let to bail in all cases, while "justices of the peace" can only take bail in cases of misdèmeanor, and certain specified cases of felony. But the provisions of that section relate only to the grade of crimes in respect to which the several classes of magistrates therein specified may let to bail; they are not inconsistent with the provisions of sections 11 and 12, by which the exercise of such power is regulated. If section 29 authorizes a justice of this court to take bail in cases like the one before us, notwithstanding the provisions of sections 11 and 12, it also authorizes a justice of the peace in any county, to do the same thing, inasmuch as it empowers that class of officers to let to bail in cases of felony where the imprisonment in the state prison cannot exceed five years, and in the case before us such imprisonment cannot exceed three years.

The propriety of the construction we have adopted may be further illustrated by supposing that the warrant in this case had been issued, as it might have been, by one of the justices of this court residing in the city of New York, instead of a police justice. Can it be doubted that in such case it would have been the imperative duty of the officer making the arrest, to carry the prisoner before the "magistrate" who issued the warrant? or can it be maintained that each of the other judges of this court, and each of the county judges in the state, would have power to obstruct the performance of that duty, and to prevent an examination, by letting the prisoner to bail? If not in that case, certainly not in this.

The opinion we entertain is supported by the case of *Clark* agt. *Cleveland* (6 *Hill*, 344), which is in point. In *Gordinier's Case* (10 *Abb.* 282; *S. C.* 21 *How.* 85), Justice BONNEY expressed a like opinion. In deciding that case, the learned justice probably overlooked section 56 of the statute (2 *R. S.* 1*st ed.* 728), which gives power in certain cases to "any justice of the supreme court" to let to bail

People, *ex rel.* Sichel agt. Chapman.

persons indicted; but however that may be, his opinion upon the question before us is none the less valuable.

In the case of *Champlain* agt. *The People* (2 *Comst.* 82), relied upon by the counsel for the relator, the point now before us was not raised, and it probably was not in the case. The officer who let to bail was a supreme court commissioner of the county of Jefferson, and the report of the case shows that the prisoner gave bail to appear at the oyer and terminer of that county, from which it is to be inferred that the offence was committed in that county, and the warrant of arrest was issued by a magistrate thereof. For aught that appears, it was issued by the same officer who let to bail.

It is claimed, however, that Justice SMITH had power to let the relator to bail under the *habeas corpus* act. But the provisions of title 2, respecting the powers of the magistrates therein named to take bail, apply to proceedings before them on *habeas corpus* to be let to bail (*Revisers' notes*, 3 *R. S.* 2d ed. 785, §§ 39, 40). There was some discussion on the argument before us, as to whether the *habeas corpus* act applies to cases of *commitment* only. It is unnecessary to consider that question, as the relator did not allege before the judge any defect in the warrant, or in the proof on which it was issued. He merely applied to be bailed. Section 43 of the *habeas corpus* act, which directs the court or officer to proceed to let the party to bail if the case be bailable, can only mean if it be *properly* bailable. (3 *Hill*, 673-4, *reporter's notes ; Id.* 667, §§ 41, 42, 43.)

The prisoner should be remanded. Ordered accordingly.