THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff in
Error, *v.* HENRY CLEWS, Defendant in Error.

The exercise of the power given by the provision of the Revised Statutes
(2 R. S., 728, § 56), authorizing a justice of the Supreme Court to admit
to bail a person indicted for a bailable offence, if the court having cog-
nizance of the offence is not, at the time sitting, is not restricted to the
county in which the indictment was presented ; and, under that provision,
one arrested upon a warrant after indictment may be admitted to bail by
a justice in the county where he is arrested, although the indictment was
found in another county.

Said provision was not repealed or altered by the provision of the act of
1830 (§ 62, chap 320, Laws of 1830), providing for the issuing of war-
rants of arrest after indictment found, which prescribes proceedings
upon such warrants when served in a county other than that in which
the indictment was presented. The purpose of the later enactment was
to add to, not to repeal, alter or amend the former one.

*Gorsline's Case* (10 Abb., 282); *Clark* v. *Cleveland* (6 Hill, 344); *People ex
rel.* v *Chapman* (30 How., 202), distinguished.

(Argued March 26, 1879 ; decided April 8, 1879.)

ERROR to the General Term of the Supreme Court, in the
first judicial department, to review judgment affirming upon
certiorari, proceedings and 'order upon habeas corpus admit-
ting defendant in error to bail.   (Reported below, 14 Hun,
90.)

The facts appear sufficiently in the opinion.

*A. Hazeltine, Jr.*, for plaintiff in error.   No judge outside
the county where the warrant was issued could admit the
prisoner to bail.   (*Gorsline's Case*, 10 Abb., 282; 21 How.,
85; *People* v. *Clapham*, 30 id., 202; *People* v. *Dixon*, 3
Abb. Pr., 399; *People* v. *McLeod*, 25 Wend., 483.)

FOLGER, J.   The statutes of the State make some provisions
for the cases and the modes in which a prisoner may be let to
bail.   It is said, that the authority given by these provisions,
extends to all cases in which bail may be taken at common
law : (*Champlain* v. *The People, infra.*)

The defendant in error had been indicted, at the Chautauqua Oyer and Terminer, for an offence which, generally speaking, was bailable; and the indictment had been sent to the sessions of that county for trial. He was arrested in New York city on a warrant duly issued. In such case, he was entitled to be released from custody, on giving satisfactory bail to an officer empowered to take it. He was taken before a justice of the Supreme Court, of the first judicial district, upon a writ of *habeas corpus*, and was let to bail. That judicial officer, had general power to let to bail, a person charged with crime and brought before him ; (2 R. S., 710, § 29) ; at least before indictment. He had power after indictment also, to let to bail, if the court having cognizance of the offence was not at the time sitting : (Id., 728, § 56.) The return shows that the Chautauqua Sessions, which was the court having cognizance of the offence, was not sitting, at the time when the defendant in error was taken before the justice of the Supreme Court, and that officer let him to bail. It appears, then, that the defendant in error was properly let to bail, unless there is some statute which conflicts with and overrides the provisions which we have cited.

It is to be noticed that the provision last cited is general in terms, and applicable to all officers of the judicial rank spoken of, and to all indicted persons in that category, in any part of the State, and wherever and however arrested. It is claimed, though, that no provision is made for the case of a person arrested in one county, after indictment in another. True, such a case is not specified, but it is within the general words of the section. There are phrases too, in the section, which show that it was in the conception of the law-maker. It is to be borne in mind, that when the Revised Statutes were adopted, the justices of the Supreme Court were few, and to be found in but few counties of the State. When the statute said that persons indicted, if the court having jurisdiction to try them was not sitting, might be let to bail by any justice of the Supreme Court, it seems that it was not meant to restrict the power, to a justice of that

court found in the county in which the indictment was presented, for it would have been impossible to have found one in more than three counties. The same section does too, convey more directly the purpose of the Legislature, in a single case, to impose a restriction; for when the indictment is to be tried in the Court of Sessions of a county, and a judge of a county court is to let to bail, it can be .such a judge, only of the county where the indictment was found. So that we may well conceive, that if the Legislature had meant to thus limit the power of a justice of the Supreme Court, it would have done so in terms; and that the absence of restrictive words, was not because the case of a person arrested in a county other than that in which he was indicted escaped the attention of the law-maker. The distinction, between the general power given to a justice of the Supreme Court, and that to a judge of county courts, arose from the difference in the territorial jurisdiction of the two officers, that of one being as wide as the State, that of the other being narrowed to the bounds of his county. Section 57 too, indicates that the Legislature had the case in view; for that provides, that the officer letting to bail, shall file the recognizance in the office of the clerk of the county *in which the indictment was found;* (id., § 57); the latter clause giving implication, that the Legislature had in mind, that bail might sometimes be taken by an officer of another county.

The claim above noticed, is based upon the fact that the Legislature did, in 1830, provide for the mode of issuing of warrants of arrest after indictment found, and for proceedings upon them when served in a county other than that in which the indictment was presented. (Laws of 1830, chap. 320, p. 402, § 62.) There is nothing in that enactment, indicating a purpose to repeal or alter the fifty-sixth section above cited; nor is there such repugnance between them, as will work a repeal by implication. On the other hand, there are indications in the title of the act, (viz. the phrase " in addition thereto ") and in some of the sections, which

show a purpose to retain that fifty-sixth section of the Revised Statutes in full force, and merely to add to it, rather than to alter or amend it. (Laws of 1830, p. 403, §§ 66, 67.)

The argument is, that the sixty-second section above cited, provides that on a warrant issued after indictment found, and served in another county, the *same proceedings* shall be had as on an indorsed warrant issued before the indictment, as prescribed in the second title of the chapter; (2 R. S., 707, §§ 7, 8, 9, 10, 11); that proceedings on an indorsed warrant are, to take the prisoner before a justice of the peace of the county in which the arrest is made; that that magistrate may take bail, if the offence charged is not capital or punishable in State prison; if it is of either of those grades, or the magistrate refuse to take bail, the arresting officer must take the prisoner to the county of the indictment; that the application of these provisions overrides the provisions of section 56 of the Revised Statutes. We are not of that mind. We think that the sixty-second section was meant to designate the officers to whom a warrant could issue, and to assimilate the proceedings by them, on a warrant after indictment, to those on a warrant before indictment, but not to repeal or limit general provisions for letting to bail. The sections which are above cited, and which mark out what those proceedings are to be, were not meant to interfere with the power of a justice of the Supreme Court to let to bail. It will not be claimed, that the officer having the prisoner in charge, can resist the writ of *habeas corpus*, by reason of the sixty-second section above cited, and of the sections upon which it is based. The *habeas corpus* act, (2 R. S., 563, § 21) gives to every person detained or restrained of his liberty, (with some exceptions), a right to that writ. Application for it may be made to any justice of the Supreme Court; (§ 23); especially in the county in which the person is detained; (§ 24); and the writ shall be granted without delay; (§ 26); and obeyed (§§ 33, 34). It would be no excuse for a refusal to obey, that the officer to whom it was directed, held his

prisoner by a warrant of arrest upon an indictment found against him, and that by force of statute he was bound in duty to take him to the county in which the indictment had been found. It is true, that both behests of the statutes cannot be obeyed at once ; but the statutes are not so repugnant, in the legal sense of that term, as that the one first passed must give way to the one last passed. Yet there is no more repugnance between the fifty-sixth section above cited and the sixty-second section of the act of 1830, than there is between the *habeas corpus* act and the latter section. In truth, they are all parts of a system for the enforcement of the criminal law of the State, with as much lenity to alleged offenders, before trial and conviction, as is consistent with due speed and certainty of punishment. The section from the act of 1830, says, that " the same proceedings shall be had as on an indorsed warrant," etc. Yet it is plain that all of those proceedings cannot be had in a case of an arrest after indictment. Thus, the warrant may be issued by the court in which the indictment is found, or by a justice of the Supreme Court, or a circuit judge, or a judge of the county courts ; (2 R. S., 728, § 55.) But parts of the proceedings on an indorsed warrant, are, to take the arrested person before the magistrate who issued the warrant, or the nearest magistrate in the same county, who is to proceed, as soon as may be, to examine the complainant and witnesses, and if no offence is shown, to discharge the prisoner, or if there appear an offence, to commit or let to bail: (Id., 708–709, §§ 12–25.) Clearly, it could not have been the intention to direct this examination after an indictment had been found. There is to be, in practice, from the needs of the case, a limit upon the general terms of the sixty-second section. It is clear then, that it was not intended by this provision, (couched in general terms, and, by reference to other statutory provisions, applying to a criminal proceeding, in a later stage of its progress, directions, elsewhere laid down, meant primarily for the guidance of executive officers, in an earlier stage,) to override any consistent part of the

carefully enacted system of criminal procedure. Hence, we may well say, that these different provisions of the statute, are to be construed together, and made to harmonize and co-operate. There is no difficulty, in so doing, arising from the provisions or the language of the sections. Surely it is fair to the citizen, and not harmful to the State, and hence, not hostile to public policy, that one indicted in a county remote from his home, and arrested elsewhere, while the court is not in session which alone may give him a speedy trial, or, as a court, let him to bail, should have a ready means of giving bail in his own vicinage. There is much stress laid by counsel on the last clause of section 11, ( 2 R.·S., 707), "if the offense charged in the warrant be punishable with death or imprisonment in a State prison, the officer making the arrest shall convey the prisoner to the county where the warrant was originally issued * * *." This is, to be sure, mandatory upon the officer, but it is not an exclusive section which overrides all other statutory provisions for dealing with arrested persons. It is to be read and construed with all others *in pari materia*, so as to make a consistent and operative whole.

*Gorsline's Case*, in 10 Abb. Pr., 282, is relied upon ; but it is not applicable. It did not there appear, that when the prisoner was brought before the justice of the Supreme Court, in New York city, the Fulton County Sessions, in which the indictment had been found, was not in session ; nor is any notice taken of the fifty-sixth section above cited. Besides, the decision is expressly placed upon the case of *Clark* v. *Cleveland*, (6 Hill, 344), which was that of a person arrested before indictment found, upon a warrant issued by a justice of the peace of Seneca county, indorsed by a like magistrate in Cortland county, and taken before a judge of the courts of the latter county and by him let to bail. Of course there was no place in those facts for the fifty-sixth section to come in, and it is not discussed or noticed in the opinion of the Supreme Court. The language of the opinion is broad, and read apart from

the facts, and the sections of the statue cited in it, would sustain the opinion in *Gorsline's Case.* But it is not an authority, in an inquiry into the effect of that fifty-sixth section, upon facts like those in the case before us. The case of *The People ex rel.* v. *Chapman,* (30 How.' Pr., 202), is different in its facts from that now in hand, and it need not be considered here. In *Champlain* v. *The People,* (2 N. Y., 82), it is stated in general phrase, that a Supreme Court commissioner has power to let to bail, in all cases where bail may be taken, citing 2 R. S. 710, § 29 ; and that the authority extends not only to the cases in which the offender may have been arrested and examined according to the previous provisions of that statute, but to all other cases in which bail may be taken at common law. That case does not touch the one we have, at all points, nor at many points ; and it is well to have in mind the comment made upon it by the learned justice in 30 How. Pr. (*supra.*) Yet it does show, that the particular provisions of the statute for the arrest and examination of the persons charged with offenses, are not so potent and exclusive, as to override the other provisions of the same statutes for letting such persons to bail.

The judgment of the Supreme Court brought up for review should be affirmed.

All concur, except Miller, J., absent at argument.

Judgment affirmed.