THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK R. SHERWIN, Appellant, v. MICHAEL L. MEAD, Respondent.

*Court of Oyer and Terminer — jurisdiction of, over an indictment found in the Court of Sessions—one indicted cannot be let to bail by a judge, while the court is in session— Bench warrant issued by district attorney — requisites of — Code of Criminal Procedure, §§ 301, 302 — Failure of witness to obey subpœna — the offense is committed where the court is held — the witness may be indicted for the contempt.*

One indicted in the Court of Sessions for contempt in failing to appear at a term of a Court of Oyer and Terminer, after having been duly subpœnaed, may be tried in a Court of Oyer and Terminer held in that county, although the case has not been sent there by any order of the Court of Sessions.

While a Court of Oyer and Terminer, having jurisdiction to try an indictment, is in session, a justice of the Supreme Court has no power to let the prisoner to bail.

It is not necessary that a bench warrant, issued for the apprehension of one who has been indicted, should be as full and complete in all its recitals and statements as a warrant issued under the statute to apprehend a party to be brought before a magistrate for a preliminary examination. It is sufficient if the nature of the offense for which he stands indicted, and the place and the court in which the indictment is pending, are clearly indicated.

A bench warrant issued by the district attorney of Albany, commanded the arrest of the relator, "who stands indicted by the Court of Sessions of the county of Albany for contempt."

*Held*, that the warrant was sufficient.

Sections 301 and 302 of the Code of Criminal Procedure, containing provisions as to the form and contents of bench warrants, relate only to those issued by the clerk, and not to such as are issued by the district attorney himself.

The relator was duly served in the city of New York with a subpœna requiring him to attend at a term of the Court of Oyer and Terminer, to be held in the city of Albany, to testify in behalf of the people, on the trial of an indictment then pending. The relator failed to appear as required.

*Held,* that he was guilty of a contempt of court.

That the offense was committed and was triable in the county of Albany.

That he might be indicted therefor in the Court of Sessions of Albany county, without inquiry being made as to whether or not the court, whose process had been held in contempt, had taken steps to prosecute him therefor.

APPEAL from an order made by a justice of the Supreme Court, refusing to discharge the relator from arrest on the return to a writ of *habeas corpus.*

On the 4th day of February, 1882, the relator was in the custody of the respondent, Michael L. Mead, in the city of New York, by virtue of a bench warrant, issued by the district attorney of the county of Albany, dated the 3d day of February, 1882, wherein he was commanded to take into his custody the relator. The following is the part stating the offense: "Who stands indicted by the Court of Sessions of the county of Albany, for contempt, and bring him before said court, at the City Hall, in the city of Albany, in said county, if the said court shall then be in session, together with this warrant; but if the said court be not in session, you are hereby commanded to deliver him, together with this warrant, to the keeper of the Albany county jail, etc."

On the said fourth day of February, Justice DONAHUE, on the petition of the relator, issued a writ of *habeas corpus,* commanding the person having the custody of the relator, to bring him before the justice that he might be discharged, the petitioner claiming that he was illegally arrested and detained, and if it should appear that he was lawfully in custody, that he might be let to bail. An immediate return was made by Mead, wherein he stated that he had arrested the prisoner and held him pursuant to the said warrant, a copy of which was annexed, and by no other process. Without further proceedings being had that day, they were adjourned until the eighth day of February.

The hearing proceeded from day to day until the first day of March, when said justice dismissed the proceedings, and remanded the relator to the custody of the said Michael L. Mead. It was made to appear to the said justice that the Court of Oyer and Terminer, in and for the county of Albany, commenced a term of its court on the sixth of February, and was in session during the pendency of the proceedings. The relator, pending the proceedings, pre-

sented to the court a paper purporting to be a copy of the indict-
ment, upon which the bench warrant was issued, which appears to
have been received by the court and acted upon by the counsel for
the relator and the district attorney as a true copy of the indict-
ment pending against the prisoner. The indictment charged, in
substance, that the prisoner had been duly and lawfully subpœnaed
to attend a term of the Court of Oyer and Terminer in and for the
county of Albany, at the City Hall, in the city of Albany, on the
18th day of May, 1874, at three o'clock in the afternoon of that
day, then and there to testify and give evidence on behalf of the
people concerning a certain indictment, then to be tried in said
court, against Charles H. Phelps, for grand larceny; that said writ
of subpœna was on the 1st day of May, 1874, at the city of New
York, State of New York, exhibited to the said prisoner and duly
served upon him, and that the prisoner, with an intent to impede
and obstruct the due course of justice, unlawfully and willfully
disobeyed the writ of subpœna, and did not appear before the Court
of Oyer and Terminer at the time and place specified in the writ
of subpœna, to testify as by said precept he was commanded, to
the great hindrance and delay of public justice, and in contempt
of said court. It was ruled on the hearing that the prisoner was
lawfully arrested and detained, by virtue of the precept in the
hands of Mead, and that the prisoner was not entitled to be let to
bail, for the reason that the Court of Oyer and Terminer in and
for the county of Albany was then in session, having jurisdiction to
try the indictment. It was conceded by the district attorney that
no order had been made by the Court of Sessions transferring the
indictment to the Court of Oyer and Terminer for trial. From
the order dismissing the *habeas corpus* proceedings and remanding
the prisoner to the custody of Mead, the relator appeals to this court.

*H. E. Tremaine*, for the relator.

*N. C. Moak*, for the people.

BARKER, J.:

The Court of Oyer and Terminer in and for the county of Albany
had jurisdiction to try the relator upon this indictment, without
any order from the Court of Sessions, in which the indictment was

found, sending the same to the Oyer and Terminer for trial. (2 R. S., 205, §§ 29, 30; 2 Edm. Stat., 214; *The People* v. *Myers,* 2 Hun, 6; *The People* v. *Gay,* 10 Wend., 509; *The People ex rel. Hasbrouck* v. *The General Sessions,* 3 Barb., 144; *The People* v. *Quimbo Appo,* 20 N. Y., 531.)

The Court of Oyer and Terminer being in session while the proceedings were pending, a justice of the Supreme Court had no power to let the prisoner to bail, for the reason that the statute limits his authority in express terms. (2 R. S., 728, §§ 56, 57; *The People* v. *Clews,* 14 Hun, 90; S. C., 77 N. Y., 39, 40.)

In this case, it was distinctly affirmed in this court and in the Court of Appeals that, if the court having jurisdiction to try the indictment was in session at the time the judge was applied to to let the prisoner to bail, he had no power to do so.

It is claimed by the relator that the bench warrant did not, upon its face, charge the relator with having committed an indictable offense, and for that reason he should have been discharged.

The statute authorizing the district attorney and other officers to issue bench warrants for the apprehension of indicted parties makes no requirements as to the form of the warrant, or the matters which shall be stated therein, and the sufficiency of the same must, therefore, be determined by the common-law rule on the subject. (2 R. S., part 4, chap. 2, title 4, art. 2, p. 278, § 55; as affected by Laws 1847, chap. 338; see 3 R. S. [6th ed.]. 1022, § 57.)

The statute declares that every person who shall be guilty of any criminal contempt, as defined therein, shall be liable to indictment therefor as a misdemeanor, and upon conviction shall be punished in the mode and manner also determined by the statute. A criminal contempt is defined to be a willful disobedience of any process or order lawfully issued by a court of record.

This bench warrant recites the fact that the prisoner had been indicted, the court wherein it was pending, and stated the offense imputed to him. It is not necessary that a bench warrant, issued for the apprehension of the indicted party, should be as full and complete in its recitals and statements as a warrant issued under the statute to apprehend a party to be brought before a magistrate for a preliminary examination. It is sufficient if the nature of the offense

for which he stands indicted is clearly indicated, and the place and the court in which he indictment is pending.

Here the fact is stated that the prisoner is indicted, the court wherein it was found, and the nature and character of the offense imputed to him. It indicated that the offense charged upon him was a misdemeanor and not a felony, and he was sufficiently informed to prepare for trial at the place mentioned in the warrant. (*Pratt* v. *Bogardus*, 49 Barb., 90, and the cases there cited ; *People* v. *McLeod*, 1 Hill, 378 ; Barbour's Criminal Law, 525.)

It is also urged by the learned counsel for the relator that the bench warrant was void, for the reason that, being for a misdemeanor, there was not a compliance with sections 301 and 302 of the Code of Criminal Procedure.

This indictment was found in 1874, before those sections were enacted, and it is provided in section 962 that all actions and proceedings commenced prior to the enactment must be conducted in the same manner as if the same had not been passed. The provisions referred to, as to the form and contents of the bench warrant, has no application to this case. (*The People* v. *Sessions*, 62 How., 415.)

By section 300 it is in terms provided that a bench warrant for the arrest of any offender, indicted, may be issued by the district attorney in the same manner and form now prescribed by law, at any time after such indictment shall be found. Sections 301 and 302 only apply to the form of a bench warrant to be issued by the clerk, and he is authorized to issue a bench warrant on the application of the district attorney, in instances where the prisoner has been discharged on bail or has deposited moneys instead thereof, and has failed to appear in pursuance of his recognizance.

When the district attorney issues the bench warrant himself, he is not required to pursue the form provided in section 301, and section 302 seems to be intended to provide for the form of a bench warrant to be issued by the clerk, on the order of the court, when the offence is a misdemeanor only.

The point was also made that the Court of Sessions for Albany county had no jurisdiction to find the indictment; and that it appears from the indictment itself that the prisoner had not committed any offense in the county of Albany, and that if he was

liable to indictment for disobeying the process of the court, that the offence was committed in the city and county of New York and not elsewhere.

The prisoner is a citizen of the State, owing obedience to its laws and he is charged with having violated the same. Having been duly notified to attend at a particular time and place, before the tribunals of the State, then and there to give evidence in a pending proceeding, and having willfully and purposely failed so to do, the offense of nonappearance was consummated and committed in the eye of the law in the county of Albany. The injury to the public, resulting from his non-attendance, occurred in that county, and not in the city and county of New York where the process was served upon him.

Personal presence at the place where the crime is perpetrated, is not always indispensable to make out an offense against the accused party, and there are many instances where the offender will not be allowed to gainsay that he was not at the place where the crime imputed to him happened. This is one of that class.

The court whose process he disobeyed was a court in and for the county of Albany, and the offense charged upon the prisoner consists in not being in the presence of the court, ready to testify when called for that purpose. For aught that does appear, he was within the county of Albany on the day that he was required to be in court and answer to his name; and if such was the fact, the district attorney may prove it upon the trial, with a view to establishing willful disobedience to the process of the court.

The case is similar to the one where a person sends threatening letters from one county to another through the mail. The offense in such a case is regarded as consummated at the place and time where they were received by the person to whom they are addressed, and the sender may be indicted and tried in such county. The act of sending produced the injury in the county where it was received, by disturbing and harassing the feelings of the party to whom it was addressed.

In the case at bar, the act of non-attendance was an indignity to the court sitting in the county of Albany, and impeded and delayed the administration of justice at that place, and the law presumes that the prisoner intended that his behavior should have that effect

and influence. (*The People* v. *Rathbun*, 21 Wend., 509; *The People* v. *Adams*, 3 Denio, 190.)

On the hearing, the relator proposed to show that the officer had other bench warrants in his possession, of the same character and import as the one returned, and that the officer had served the same and claimed the right to detain the prisoner by such authority. This was overruled and the relator excepted.

If that was a pertinent and proper question for the prisoner to raise upon the hearing, we are unable to discover how the ruling, limiting the inquiry to the validity of the warrant presented by the officer, can lead to a reversal of the order dismissing the *habeas corpus* proceedings, for the reason that the officer did present valid and sufficient authority for continuing the custody and arrest of the prisoner.

The offer which was made to go into an inquiry, as to the facts and circumstances upon which the indictment was founded, was properly rejected.

The officer had jurisdiction to inquire whether there was any such record of indictment, as claimed by the people, and if there was none, or the court in which it was found had no jurisdiction over the subject-matter, then to discharge the prisoner. But as to the guilt of the prisoner, as charged in the indictment, no inquiry could be made in these proceedings. The prisoner's counsel has sought to test the validity of the indictment and the sufficiency of the warrant, by applying those rules and tests which are applicable to a case where a party is charged with contempt of court and the court has instituted proceedings with a view to the punishment of the offender, and has condemned him and pronounced sentence, and issues its order of arrest to carry its judgment into effect.

These rules have no just application to this case, where the party is proceeded against upon the complaint of the people, and is in due form indicted by a grand jury attending upon a court having jurisdiction of the offense.

The statute has declared in express terms that every person who shall be guilty of a willful disobedience of any process or order lawfully issued or made by a court of record, is guilty of a misdemeanor and may be punished therefor.

The prosecution by indictment may proceed by the usual and

customary course of procedure, without inquiry whether the court, whose process has been held in contempt, has taken notice of the disobedience, with a view of punishing the offender as provided by statute. Each of the proceedings is entirely independent of the other. They may be prosecuted at the same time, and a conviction under one is no bar to a prosecution under the other.

The order dismissing the *habeas corpus* proceedings is affirmed, and the form of the order of affirmance will be settled by Mr. Justice Brady.

Brady, P. J., and Daniels, J., concurred.

Order affirmed; order to be settled by Brady, J.