[Civ. No. 11336.   Second Appellate District, Division Two.—April 29, 1937.]

CLAUDE H. ELLIOTT, Appellant, v. H. E. HASKINS et al., Respondents.

W. Stuart Smith for Appellant.

Edward A. Penprase, B. W. Burkhead, Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Bourke Jones, Deputy City Attorney, for Respondents.

CRAIL, P. J.—This is an action for damages for false imprisonment against defendant Haskins, sheriff of San Luis Obispo County, and his bondsman, the Casualty Company; and against James E. Davis, chief of police of Los Angeles, and four of his arresting officers. The case was tried before a jury, but at the conclusion of the trial the court granted the motion of defendants for nonsuits and entered judgment thereon. The appeal is taken from the judgment.

In June, 1935, the plaintiff was arrested in Los Angeles by the police officers without any warrant and held on suspicion for three days. He was then taken by Sheriff Haskins and held two days. There was probable cause for plaintiff's arrest and no claim is made in the briefs to the contrary. The plaintiff urges other and less usual grounds for reversal.

The warrant of arrest used by Sheriff Haskins was a John Doe warrant which did not "particularly describe the party to be seized". The first and paramount contention of the plaintiff is that since the warrant fails to particularly describe the party to be seized it is void on its face and illegally executed because it violates section 19 of article I of the

California Constitution, following the language of amendment No. 4 of the federal Constitution, which reads as follows: ''The right of the people to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches, shall not be violated, and no warrants shall issue, but on probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons and things to be seized.'' The above language is a part of the Bill of Rights of the federal Constitution.

This constitutional provision was primarily designed to protect the individual in the sanctity of his home and person and the privacy of his books, papers and property. But it does not prohibit reasonable rules and regulations adopted for the exercise of the police power of the state. (24 R. C. L. 704; 5 Cal. Jur. 695; 6 R. C. L. 197.)

Authority to issue warrants in criminal proceedings in California is provided by section 815 of the Penal Code, which reads as follows: ''The warrants must specify the name of the defendant, or, if it is unknown to the magistrate, the defendant may be designated therein by any name. It must also state the time of issuing it, and the county, city, or town where it is issued, and be signed by the magistrate, with his name of office.'' This section was enacted in 1872 and has been the law of the state ever since and in substance was the same as Criminal Practice Act, Statutes of 1851, page 224. It has been accepted as a reasonable provision for the issuance of criminal warrants during all these years. We find nothing therein which justifies the view that it is an improper exercise of the police power.

So far as amendment four of the United States Constitution is concerned, it has long since been determined that it applies only to the federal government and its agents. (*People* v. *Mayen,* 188 Cal. 237 [205 Pac. 435, 24 A. L. R. 1383]; 24 R. C. L. 703, note 17.)

The plaintiff's next contention is that the warrant was void because it was issued by a justice of the peace and directed to any sheriff, constable, marshal or policeman *in the state.* It is true that under section 819 of the Penal Code before its repeal became effective in September, 1935, the warrant should have been directed to any sheriff, constable, marshal or policeman *in the county* in which it was issued, but the plaintiff cites us to no authority, which holds

that a warrant so directed is absolutely void. The encyclopedias and other large works on jurisprudence collect few, if any, cases on how a warrant should be directed, and none at all as to the effect of such a misdirection. But if the warrant was directed to all the sheriffs in the state, that direction included the sheriff of the county in which it was issued. The proper sheriff received the warrant and executed it. We can see no prejudice to the plaintiff by the misdirection and nothing therein to make the warrant ineffectual in the hands of the proper officer. " . . . nor does every slight defect render a warrant ineffectual. For example, a recital that a warrant is issued for a violation of a statute which is void does not render the warrant void, where it also recites the violation of a valid statute." (4 Am. Jur., Arrest, sec. 7.)

Plaintiff's next contention is that "the warrant was illegally executed by reason of the failure, apparent upon its face, to have it properly indorsed for execution in Los Angeles County where defendant Haskins executed it upon plaintiff". But, in this connection, the plaintiff does not cite us to any evidence in the record that the defendant Haskins or anyone else executed the warrant in Los Angeles County. It is not our duty on appeal to assume the task of searching for such evidence.

Plaintiff's next contention is that defendant Haskins is not protected by the warrant for the reason that he failed to make due return thereof, and in this connection plaintiff by way of evidence cites us to the warrant only and says that the warrant shows upon its face that no return thereof was made. We have examined the transcript where indicated and find no evidence one way or the other in this regard, unless it be that a blank certificate printed on the warrant is not filled out. The plaintiff does not cite us to any law, and we know of none, which requires such a return in California.

Plaintiff next contends that "the Los Angeles officers are liable upon failure at the time of making the arrest to perform their duty under section 841 of the Penal Code". This section provides in effect that the person making an arrest must inform the person to be arrested of the intention to arrest him, of the cause of the arrest and the authority to make it. Here again the plaintiff neglects to cite us to

any authority that such failure to inform the defendant, if true, would constitute false imprisonment.

The plaintiff also contends that the court erred in *granting* a nonsuit for the reason that the grounds set forth in the defendants' motion for nonsuit were insufficient to support such motion. In this behalf he relies upon the well-settled rule that "an appellate court will not review the ruling of the trial court *denying* a motion for a nonsuit upon any ground not precisely and specifically stated in the motion". (*Millar* v. *Millar,* 175 Cal. 797, 798 [167 Pac. 394, Ann. Cas. 1918E, 184, L. R. A. 1918B, 415].) This contention is taken care of by the terse language found in *Anchester* v. *Keck,* 214 Cal. 207, 213 [4 Pac. (2d) 934, 936] : " . . . the rule invoked by appellants has application only to cases in which the motion for nonsuit is *denied* and not to an order *granting* it."

The plaintiff makes other contentions which are even less meritorious and which do not justify a discussion by this court.

Judgment affirmed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 20, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 28, 1937.