GERALD B. FORD, by His Guardian ad Litem ROBERT E. FORD, Respondent, *v.* STATE OF NEW YORK, Appellant.

Third Department, June 23, 1964.

Louis J. Lefkowitz, Attorney-General (Harold J. Hughes, Jr. and Ruth Kessler Toch of counsel), for appellant.

Gerald T. Hennessy for respondent.

HERLIHY, J. The claim is based upon the acts of the State trooper in executing the warrant which, as alleged, was void on its face for the reason that it "failed to state any acts constituting a crime".

The claim set forth the following pertinent facts: In May, 1961 claimant, as indorser, cashed a check at Slim's Market in the Town of Glenville. The check was returned as it was drawn against a fictitious account. A complaint was initiated by a collection agent with a Justic of the Peace who, based upon the check before him, prepared an information, which was signed by the collection agent, charging claimant with having issued a fraudulent check in violation of section 1292-a of the Penal Law. The claim further stated that the Justice of the Peace issued a warrant without taking depositions of any witnesses to support the information as required. (Code Crim. Pro., § 148.) The warrant, which followed the prescribed form (Code Crim. Pro., § 151), stated in part "that the crime of Fraudulent Check Violation Section 1292-a of the Penal Law has been committed". On October 31, 1961, pursuant to the warrant, claimant was arrested by a State trooper, it being charged that the said State trooper "knew or should have known that the warrant was not supported by depositions".

The claim also alleged that at the time of the arrest the State trooper failed to show the warrant to claimant, to tell claimant the reason for the arrest or the contents of the warrant and stated only that the Justice of the Peace would tell claimant the reason therefor. After arraignment, claimant was taken to the Schenectady County Jail where he was held for about four hours until released in custody on $50 bail. Subsequently, in December, 1961 the Justice of the Peace dismissed the charge.

Any alleged error committed by the Justice of the Peace, as to which we reach no decision, was an erroneous judicial determination for which the State was not liable. (*Mudge* v. *State of New York,* 271 App. Div. 1039; *Douglas* v. *State of New York,* 269 App. Div. 521, affd. 296 N. Y. 530.)

We determine that the warrant was valid on its face, and as such, the arresting officer was not required to institute an inquiry into its alleged invalidity. The offense stated was one for which the Magistrate had the authority to issue a warrant of arrest. (Code Crim. Pro., § 152.) The police officer was under a duty to comply with the warrant and in doing so he did not subject himself or the State to liability in an action for false arrest and imprisonment. (*Douglas* v. *State of New York, supra; Nastasi* v. *State of New York,* 275 App. Div. 524, affd. 300 N. Y. 473; *Warner* v. *State of New York,* 297 N. Y. 395, 403; Restatement, Torts, § 124.)

It is not necessary that the warrant of arrest state the acts constituting a crime. A warrant is valid and fair on its face if it is sufficient to apprise the prisoner of the charge; the particulars of the crime are not required to be set forth thereon. (*Krauskopf* v. *Tallman,* 38 App. Div. 273, 278, affd. 170 N. Y. 561; *People ex rel. Sherwin* v. *Mead,* 92 N. Y. 415; *Atchinson* v. *Spencer,* 9 Wend. 62; 35 C. J. S., False Imprisonment, § 28, p. 663.) It is a function of the information to state the acts constituting the crime. (*People* v. *McGuire,* 5 N Y 2d 523; *People* v. *Schultz,* 301 N. Y. 495; *People* v. *Grogan,* 260 N. Y. 138.) Sections 151 and 152 of the Code of Criminal Procedure, which together specify the form and content of a warrant of arrest, do not contain such a requirement.

Neither case argued by the claimant involved a warrant of arrest and neither controls the instant situation. *People ex rel. Allen* v. *Hagan* (170 N. Y. 46) held that a warrant of commitment was not sufficient when it stated only the title of the section of the Penal Law in designating the crime charged. In *People* v. *Marendi* (213 N. Y. 600) a felony murder conviction was reversed. It was held that the defendant was not under arrest and thus was not engaged in the felony of unlawful escape at the time he committed the murder where the police officer had merely detained him temporarily for the purpose of searching him.

We further determine that the allegations of the amended claim as to the State trooper's failure to show the warrant to claimant or tell him the reason for his arrest do not constitute a cause of action for false arrest and imprisonment. The claimant charged that he was arrested by a designated member of the

State Police and we note that members of that organization wear well-recognized police uniforms and which alone was sufficient manifestation to the claimant of the officer's right to make the arrest.

Section 173 of the Code of Criminal Procedure provides that the officer must inform the defendant that he acts under the authority of a warrant, and he must show the warrant, if required. We note that the claim does not allege noncompliance with the section as a basis of the cause of action, and that claimant contends it is clear the amended claim does not state any new cause of action by these allegations.

At common law it was held that liability is not incurred by a regular officer having a warrant in his possession because of failure to exhibit it on demand. (*Arnold* v. *Steeves,* 10 Wend. 514.)

The authority of the officer to make the arrest is set forth in the warrant of arrest as issued by the Magistrate. Failure to comply with section 173 does not diminish his authority or render the act of arrest illegal so that the defendant is wrongfully detained. Lack of compliance with a similar statute in the State of California has been held not to constitute false imprisonment. (*Elliott* v. *Haskins,* 20 Cal. App. 2d 591; 35 C. J. S., False Imprisonment, § 29, p. 673.)

The legality of the arrest and the wrongfulness of the detention rest upon the validity of the warrant of arrest on its face and not upon compliance with the statutory provisions of section 173. (See Restatement, Torts, §§ 35, 124.) The failure to advise as to the arrest, without other fulcrum, cannot be the basis for a charge of false arrest and imprisonment.

A reading of the amended claim in its entirety negates any cause of action against the State premised upon the acts of the State trooper, who was acting in good faith pursuant to process valid upon its face.

The State's final argument, not necessary to this decision, that the amended complaint is barred by the Statute of Limitations as it sets forth a new cause of action, would be denied. Such a determination must be made pragmatically by the court, based upon a consideration of fairness, and in our opinion, the present claim would be an amplification of the original claim.

The order should be reversed, on the law and the facts, and the claim dismissed.

REYNOLDS and AULISI, JJ., concur with HERLIHY, J.; TAYLOR and HAMM, JJ., dissent, and vote to affirm, in the following memorandum: In our view the allegations of the claim which

charge the State policeman with the failure to comply with the provisions of section 173 of the Code of Criminal Procedure state a cause of action for false imprisonment. (*Snead* v. *Bonnoil,* 49 App. Div. 330, affd. 166 N. Y. 325; see, also, *People* v. *Shanley,* 40 Hun 477; *People* v. *Marendi,* 213 N. Y. 600, 609–610.) A uniform did not satisfy the requirements of the statute or excuse the trespass stated to have been committed. (Cf. *People* v. *Cherry,* 307 N. Y. 308, 310–311.)

Order reversed, on the law and the facts, and claim dismissed, without costs.