Louis J. Capozzoli, J.
Application under Calendar No. 167 of January 21, 1966 is consolidated herein with the application under Calendar No. 166 of the same date, and both are decided together.
Each of the petitioners in each article 78 CPLR proceeding invokes the judicial power to prohibit respondents, the Criminal Court of the City of New York and the District Attorney of the County of New York, from proceeding with the prosecution of informations charging each of the petitioners with the crime of criminal contempt in violation of subdivision 6 of section 600 of the Penal Law.
The strikingly similar background facts of each application are not the subject of controversy. Each petitioner had been summoned and appeared before the Third July 1964 Grand Jury of New York County during that body’s investigation to determine whether the crimes of conspiracy to bribe public officers and bribery of public officers have been committed in connection with violations of the gambling laws of the State of New York. Petitioners, former police officers, appeared before the aforesaid Grand Jury on April 6, April 13 and June 29, 1965. Although the Grand Jury granted them complete immunity from prosecution for any crimes disclosed by their testimony, each petitioner, though advised and intelligently aware of the immunity afforded, refused to answer questions propounded to each one before the Grand Jury.
On two separate occasions, upon application by the District Attorney, each of the petitioners was directed by the court, after a hearing, to return to the Grand Jury and answer the questions put to him. Each petitioner disobeyed each of the two orders of the court. As a consequence of each such deliberate disobedience of the order of the court, each petitioner was found in contempt of court and the court, pursuant to section *416 750 of the Judiciary Law, directed that each contemnor he imprisoned for such contumacious and unlawful refusal to obey the order and direction of the court.
In July, 1965 the Grand Jury directed that the District Attorney file informations charging each petitioner with the crimes of criminal contempt in violation of subdivision 6 of section 600 of the Penal Law. The instant applications for relief in the nature of writs of prohibition challenge the legality of these informations.
The gravamen of petitioners’ attack upon the subject informations lies in the contention, that the prosecution of each summary contemnor on a subsequent information charging criminal contempt would violate the provisions of the United States and the New York State Constitutions proscribing the subjection of any person to be twice put in jeopardy “ for the same offense”. (N. Y. Const., art. I, § 6; U. S. Const., 5th Amdt.; see, also, Code Crim. Pro., § 9, “No person can be subjected to a second prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted.”)
Preliminarily, the court notes that the Legislature has considered and has expressly legislated upon the very issue presently submitted for the court’s determination. Section 602 of the Penal Law provides: ‘ ‘ Punishment for a contempt, as prescribed in article nineteen of the judiciary law, does not bar an indictment for the same offense; but where a person who has been so punished is convicted on such an indictment, the court, in sentencing him, must take into consideration the previous punishment. ’ ’
Research and a careful reading of the entire record, including the records pertaining to the summary contempt proceedings compel the conclusion that the constitutional principle (double jeopardy) here invoked is inapplicable. Initially, it cannot be logically disputed that subdivision 6 of section 600 of the Penal Law comprehends an offense against the People of the State of New York and that section 750 of the Judiciary Law embodies the inherent power of the court to punish summarily for an offense against the dignity of the court. (See, in this connection, People ex rel. Sherwin v. Mead, 92 N. Y. 415, 419-420; Matter of Amato, 204 Misc. 454; People v. Epstein [Sup. Ct., N. Y. County], N. Y. L. J., Nov. 2, 1964, p. 18, col. 7.) Of critical significance to this determination, there emerges from the present fact pattern a clear division between those acts which constituted the bases for adjudging each petitioner a contemnor of the court, to wit, willful refusal to obey the mandate of the court, and those acts which are charged in the informations to be violative of *417 subdivision 6 of section 600 of the Penal Law, to wit, refusal to answer questions before the Grand Jury.
For the foregoing reasons, each of the applications is denied and each petition dismissed.