Commonwealth *v.* Grassmyer, Appellant.

474

Submitted April 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William E. Moot,* for appellant.

No appearance entered nor brief submitted for Commonwealth, appellee.

OPINION BY PRICE, J., December 1, 1975:

Appellant was found guilty of violation of Section 903 (a) of The Vehicle Code,[1] which prohibits operating a motor vehicle exceeding the prescribed weight limitations, and sentenced to pay a fine of $1,200. Appellant contends that his conviction should not be permitted to stand because it was based on evidence obtained as a result of an illegal arrest. Section 903 is enforced by Section 904 (a)[2] which provides that "[a]ny peace officer who shall be in uniform, and shall exhibit his badge or other sign of authority," may require the weighing of a vehicle which he believes to be overweight. Appellant argues that at the time of the initial stop, the State Police Officer did not "exhibit his badge or other sign of authority." Although this subject has been considered by the lower courts in several cases, to date no appellate court of the Commonwealth has addressed this question. We are convinced that appellant's contention is without merit and, therefore, affirm the judgment of the lower court.

The facts are not in dispute and may be very briefly summarized as follows: On February 19, 1974, appellant was cited by Corporal Ray Antram of the Pennsylvania State Police for violation of Section 903. At the time of the incident, Corporal Antram was driving a marked State Police car and was wearing the traditional gray uniform that so readily identifies an officer of the Pennsylvania State Police. In addition, the corporal had shoulder patches and a name plate on the uniform, and he was also wearing the standard hat with official insignia. He was not wearing his badge, as that is not required by State Police Regulations. This appeal raises the sole question of whether there were sufficient "other sign[s]

---

1. Act of March 3, 1970, P.L. 88, No. 39, §13 (75 P.S. §903), *as amended*, Act of Nov. 28, 1973, P.L. 346, No. 120, §2.

2. Act of Aug. 27, 1965, P.L. 418, §1 (75 P.S. §904), *as amended*, Act of Aug. 27, 1965, P.L. 416, §1.

of authority" to satisfy the requirements of Section 904(a).

It is fundamental that the object of all interpretations and constructions of laws is to ascertain and effectuate the intention of the legislature.[3] In ascertaining that intention, we will presume that the legislature intends to favor the public interest as against the private interest.[4]

The obvious intention of the legislature in enacting Sections 903 and 904 is to control the gross weight of vehicles operating on Pennsylvania's highways. Society has a legitimate interest in this regulation in an effort to save lives and avoid property damage. An overloaded vehicle is more difficult to control, thus the chances of an accident are increased, and road surfaces and underground pipes are often damaged by the excessive weight placed on them. Also, the intention of the legislature in requiring a badge or other sign of authority is to enable the motorist to be as certain as possible that the person who stops him is, in fact, a police officer.

We must assume that the legislature does not use superfluous language in a statute, *Baumer Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 372, 243 A.2d 472 (1968). In addition, all penal provisions of a law shall be strictly construed,[5] and all *non-penal* provisions of a law shall be liberally interpreted.[6] Therefore, although we must conclude that the language "in uniform, and shall exhibit his badge or other sign of authority," means that "other sign of authority" is something different than the uniform, this is not a penal provision of the statute and will be liberally interpreted to give effect to the goals of the statute. *Commonwealth v. Monumental Properties, Inc.,* 459 Pa. 450, 329 A.2d 812 (1974);

---

3. Act of Dec. 6, 1972, P.L. 1339, No. 290, §3 (1 Pa.C.S. §1921).

4. Act of Dec. 6, 1972, P.L. 1339, No. 290, §3 (1 Pa.C.S. §1922).

5. Act of Dec. 6, 1972, P.L. 1339, No. 290, §3 (1 Pa.C.S. §1928).

6. Act of Dec. 6, 1972, P.L. 1339, No. 290, §3 (1 Pa.C.S. §1928).

*Commonwealth v. Shaleen*, 215 Pa. 595, 64 A. 797 (1906) ; *Commonwealth v. Yaste*, 166 Pa. Superior Ct. 275, 70 A.2d 685 (1950).

Appellant relies on two lower court cases[7] wherein the defendants were acquitted because it was determined that the police officer failed to "exhibit his badge or other sign of authority." In both cases the State Police Officer involved was in uniform and in one instance, was driving a marked police car. We have examined these cases and conclude that the meaning given to the words "other sign of authority" by the courts below, and urged on us by appellant, is too stringent and unrealistic. To hold otherwise is to circumvent common sense and the intention of the legislators as evidenced by the statute.

Appellant agrees that the purpose of the requirement of the badge or other sign of authority is to insure that motorists are not victimized by bogus police officers. He contends that the badge or identification card is the only positive means by which an operator of a motor vehicle can be certain that he is dealing with a bona fide State Police Officer. Reduced to its most essential terms, this argument is that uniforms, hats, shoulder patches, name plates, official insignia, and even marked police cars can be convincingly counterfeited, but that the badge and identification card cannot.

Applying a liberal interpretation to the phrase "other sign of authority," we conclude that this requirement is satisfied by any indicia evidencing a State Police Officer. The hat, official insignia, shoulder patches, name plate, or marked police car are all sufficient to put the motorist on notice that he is dealing with a duly sworn State Police Officer. The total effect belies any doubt as to the authority of the officer.

---

7. *Commonwealth v. John Thomas Marshall*, September Term, Cambria County (1972) ; *Commonwealth v. Smith*, 81 D. & C. 543 (1952).

Appellant does not contend that he was unsure that Corporal Antram was in fact a State Police Officer. Nor does he contend that he requested to see Corporal Antram's badge. He does not even contend that there were inadequate grounds for the officer to stop him or that the weight was incorrect. Appellant was sufficiently impressed by the obvious authority of the officer to stop in the first place.

While we express no opinion as to cases dealing with local police forces, we hold that a uniformed State Police Officer, wearing hat, official insignia, name plate, and shoulder patches exhibits sufficient other signs of authority to satisfy the goals of the statute and the intention of the legislature.

Judgment of sentence affirmed.

HOFFMAN, CERCONE, and SPAETH, JJ., concur in the result.