Requestor: James F. Collins, Herkimer County Attorney P.O. Box 471 Herkimer, New York 13350
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
This is in response to a request from your office for an Attorney General's opinion as to the authority of a town or village justice to commit an individual to the county jail following that person's arrest pursuant to an arrest warrant issued by a court in a non-adjoining county.
The issue arises when State Troopers stop an individual for a traffic infraction on the New York State Thruway. Upon investigation, it is discovered that the individual is wanted on an arrest warrant issued by a New York City court or by a court in a non-adjoining county. The standard procedure in Herkimer County has been that the individual is then taken to appear before a town or village justice who then commits the offender to the county jail until officials from New York City arrive to transport the offender back to the City.
Initially, we address a question raised in a telephone conversation with your assistant county attorney: whether State Troopers have the authority to execute in Herkimer County arrest warrants issued by New York City courts or courts in non-adjoining counties.
In order to answer this question, it is necessary to determine: (a) where the arrest warrants of various courts may be executed; and (b) who may execute them. Section 120.70 of the Criminal Procedure Law describes where the arrest warrants issued by various courts may be executed. Arrest warrants issued by New York City criminal courts, by district courts or by superior court judges sitting as a local criminal court may be executed anywhere in the State (CPL, § 120.70[1]). Accordingly, any arrest warrants issued by these courts — such as an arrest warrant issued by a New York City court — would be executable in Herkimer County.
All other arrest warrants — i.e., those issued by city, town or village courts — are automatically executable in the county of issuance or in any adjoining county (CPL, § 120.70[2][a]). These warrants may be executed in non-adjoining counties, but only upon written endorsement of a local criminal court in the non-adjoining county (id.,
§ 120.70[2][b]). Once endorsed, the warrant is deemed to be the process of the endorsing court as well as that of the issuing court, and can be executed by any police officer whose jurisdiction encompasses that of the endorsing court (CPL, § 120.70[2][b]). Arrest warrants issued by city (other than New York City), town or village courts in counties not adjacent to Herkimer County can only be executed in Herkimer County pursuant to a written endorsement under CPL, § 120.70(2)(b).
With regard to who may execute arrest warrants, the CPL provides as follows:
 "A warrant of arrest may be addressed to any police officer or classification of police officers . . . whose geographical area of employment embraces either the place where the offense charged was allegedly committed or the locality of the court by which the warrant is issued" (CPL, § 120.50).
The Division of State Police has State-wide jurisdiction (CPL, §1.20[34-a]; Executive Law, § 223). If an arrest warrant issued by a New York City court (executable anywhere in the State) is properly addressed to the Division, any State Trooper could execute the warrant anywhere in the State (id., Bellacosa, McKinney's Practice Commentaries, CPL, § 120.50). In addition, CPL, § 120.60 allows a police officer to whom the warrant is addressed to delegate the authority to make the arrest to another police officer, provided that certain conditions are met:
 "A police officer or peace officer appointed by the state university to whom a warrant of arrest is addressed may delegate another officer to whom it is not addressed to execute such warrant as his agent when:
 "(a) He has reasonable cause to believe that the defendant is in a particular county other than the one in which the warrant is returnable; and
 "(b) The warrant is, pursuant to section 120.70, executable in such other county without endorsement by a local criminal court thereof; and
 "(c) The geographical area of employment of the delegated police officer or peace officer appointed by the state university embraces the locality where the arrest is to be made."
The practice commentaries to this section note that any reasonable means of delegating the arrest authority are permissible:
 "The method of delegation is set forth in broad terms permitting any means available as long as the recipient is informed of the issuance of the warrant, the offense charged in the underlying accusatory instrument, and `all other pertinent details'. The latter should include at least an adequate description of the defendant" (Practice Commentaries, CPL, § 120.60).
There is no requirement that a copy of the warrant be forwarded to the arresting officer; authority to execute the warrant may be done by telephone. See People v McDermott, 150 A.D.2d 805 (2d Dept, 1989); Ford vState, 21 A.D.2d 437 (3d Dept, 1964).
We note that under CPL, § 120.60(b) police officers may not delegate the authority to execute arrest warrants issued by city, town or village courts to police officers in non-adjoining counties. These warrants can only be executed after endorsement by the local court pursuant to CPL, § 120.70.
Accordingly, with this proviso in mind, there is authority for State Troopers and local police officers to execute in Herkimer County arrest warrants which are issued by the criminal courts of New York City or of a non-adjoining county.
Once the offender has been lawfully arrested, the justice before whom the warrant is returnable has authority to commit the offender to the county jail. Criminal Procedure Law, § 510.60 provides that when the defendant in a criminal action first comes before the court, the court must do one of three things: "either release him on his recognizance, fix bail or commit him to the custody of the sheriff" (CPL, § 510.60). Once the commitment order (CPL, § 500.10[4], [5]) is issued, the sheriff is duty-bound to assume custody of the defendant (Correction Law, § 500-c; Howell v McGinty, 129 A.D.2d 60 [2d Dept, 1987]; Peoplev Little, 38 A.D.2d 398 [2d Dept, 1972]; People v Coates, 8 A.D.2d 688
[4th Dept, 1959]; 1987 Op Atty Gen [Inf] 102; 1971 Op Atty Gen [Inf] 176).
We conclude that the Criminal Procedure Law permits a village or town justice to issue a securing order which commits to the county jail an individual arrested pursuant to a warrant issued by a criminal court of New York City or of a non-adjoining county.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.