879 P.2d 792

STATE of New Mexico,
Plaintiff–Appellee,

v.

Matthew ARCHULETA, Defendant–Appellant.

No. 14688.

Court of Appeals of New Mexico.

June 1, 1994.

Tom Udall, Atty. Gen. and Joel Jacobsen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Wesley Reid Bobbitt, Wesley Reid Bobbitt, P.C., Albuquerque, for defendant-appellant.

## OPINION

ALARID, Judge.

Convicted in metropolitan court for speeding, Defendant appealed to the district court. Following a trial de novo which again resulted in a conviction, Defendant now appeals the district court's judgment. He contends that because the officer issuing the citation was not in uniform, the citation should have been dismissed. We disagree and affirm Defendant's conviction.

The material facts are not in dispute. On October 2, 1992, at approximately 9:25 a.m., Officer Danny Lucero was off-duty and wearing civilian clothes, but was driving his police car. While proceeding north on Coors Boulevard, he observed a 1989 gray Mazda pull along beside him. The driver of the Mazda looked over at Officer Lucero, then accelerated. Officer Lucero followed, pacing the Mazda for approximately a mile, and gauging the Mazda's speed at 70 miles per hour. At that point, Coors is posted for 45 mph. After Officer Lucero engaged his emergency equipment, the driver of the Mazda slammed on the brakes and pulled onto the shoulder. Because he was wearing civilian clothes, Officer Lucero retrieved his APD windbreaker from the back seat. The windbreaker has a cloth shield on the front which says "Albuquerque Police" and a patch on the shoulder which has the State of New Mexico emblem on it. That emblem also has the words "Albuquerque Police" on it.

According to Officer Lucero, as he approached the Mazda, Defendant left the vehicle, began raising his voice, "stating . . . that I could not stop him simply because I was off duty and not in uniform." Officer Lucero asked Defendant for his driver's license, registration, and proof of insurance. Recognizing that there may be a problem with Defendant signing the citation, Officer Lucero radioed for a unit to assist; he wanted a fully uniformed officer present before issuing a citation to Defendant. Two fully uniformed officers arrived and the citation was issued by Officer Lucero.

Defendant was a former police officer and advised the court that he was familiar with state statutes dealing with arrest and the issuance of citations.

■ In its answer brief, the State raises procedural arguments which it contends bars review. We disagree. Although the record in this Court does not indicate what portions of the transcript of proceedings Defendant ordered, we can assume from reviewing the transcript that less than all of the proceed-

ings were ordered. Relying on the rule that, with a doubtful or deficient record, every presumption should be indulged by this Court in favor of the correctness and regularity of the trial court's judgment, *State v. Garcia*, 83 N.M. 794, 795, 498 P.2d 681, 682 (Ct.App.1972), the State urges us to affirm. SCRA 1986, 12–211(C)(1) (Repl.1992), requires the appellant to designate only those portions of the proceedings that have some relationship to the issues on appeal. That rule also provides that the other party to the appeal may designate additional parts it deems necessary for review. The State's argument fails. It could have designated other portions of the transcript if it thought it necessary for our review. Additionally, the State has not pointed to any other testimony which would render our review less than complete.

■ The State also seems to argue that without a full record the basis for the district court's ultimate disposition of the trial de novo cannot be determined. We understand the State to be arguing that findings of fact and conclusions of law are required. We again disagree. The district court entered a form judgment finding Defendant guilty. While either side could perhaps have requested findings of fact and conclusions of law, they were not required as the State later seems to concede in its answer brief. We have little difficulty in discerning that the district court rejected Defendant's contention that Officer Lucero was not in uniform and, therefore, review the appeal on that basis. Defendant does not challenge the sufficiency of the evidence that he was speeding. He simply relies on the defense provided in NMSA 1978, Section 66–8–137(B) (Repl. Pamp.1987), which states that "the fact ... that the person making the arrest was not in uniform at the time is a defense to the charge." We now proceed to the merits of Defendant's appeal.

NMSA 1978, Section 66–8–124 (Repl. Pamp.1987), provides:

No person shall be arrested for violating the Motor Vehicle Code [66–1–1 to 66–8–140 NMSA 1978] or other law relating to motor vehicles punishable as a misdemeanor except by a full-time, salaried peace officer who, at the time of arrest, is wearing a uniform clearly indicating his official status.

Similarly, NMSA 1978, Section 66–8–125(C) (Repl.Pamp.1987), provides that members of the municipal police force may not make arrests for traffic violations if not in uniform. Thus, the issue is squarely presented as to whether or not the stop and issuance of a citation by Officer Lucero violated these provisions.

■ The State vigorously argues that we need not reach the question presented by Defendant because the applicable statutes requiring the officer to be in uniform not only contemplate, but expressly refer to, an "arrest" in a constitutional sense and that Defendant here was not arrested, but only was stopped and issued a citation. While we recognize there may be a distinction between a routine traffic stop to issue a citation and an arrest, *State v. Lovato*, 112 N.M. 517, 522, 817 P.2d 251, 256 (Ct.App.), *cert. denied*, 112 N.M. 388, 815 P.2d 1178 (1991), we find it unnecessary to address that issue. Even if we assume, for the sake of argument, that the applicable statutes use the term "arrest" to include a routine traffic stop for the issuance of a citation, we hold that substantial evidence supports a finding that the officer was wearing a uniform clearly indicating his official status, and dispose of the case on that basis. We now examine the statutes in question.

■ "The fundamental rule in construing statutes is to ascertain and give effect to the intention of the legislature." *State v. Chavez*, 77 N.M. 79, 82, 419 P.2d 456, 457 (1966). It seems clear enough that the intention of the legislature in requiring the officer to wear a uniform plainly indicating his official status was to enable the motorist to be certain that the officer who stops him is, in fact, a police officer. *See Commonwealth v. Grassmyer*, 237 Pa.Super. 473, 352 A.2d 182, 183 (1975).

It is interesting to note that before 1968, a second sentence appeared in what is now Section 66–8–124 which provided "in the motor vehicle code, 'uniform' means an official badge prominently displayed, accompanied

by a commission of office." 1953 N.M.Laws, ch. 139, § 186(f); 1961 N.M.Laws, ch. 213, § 3. That sentence was deleted by the 1968 N.M.Laws, Chapter 62, Section 162. We believe that the deletion of that language suggested that the legislature intended the definition of "uniform" to be less restrictive, no doubt recognizing that modern day police officers may have more than one uniform or may on occasion wear combinations thereof. *See State v. Cotton,* 109 N.M. 769, 772, 790 P.2d 1050, 1053 (Ct.App.), *cert. denied,* 109 N.M. 751, 790 P.2d 1032 (1990) ("Where the legislature has amended a statute or omitted a portion of an act, it is presumed to have intended to modify the act.").

■ Given the statutory definition, we adopt two alternative tests for determining if an officer is in "uniform" within the intent of the statute; one, whether there are sufficient indicia that would permit a reasonable person to believe the person purporting to be a peace officer is, in fact, who he claims to be; or, two, whether the person stopped and cited either personally knows the officer or has information that should cause him to believe the person making the stop is an officer with official status. The objective test best suits more populated areas or persons traveling through the state. The subjective test may be appropriate in small towns where everyone knows the constable and recognizes his official status. *See, e.g., State v. Evans,* 161 Mo. 95, 61 S.W. 590 (1901). The latter could also cover the situation here where Defendant, although not personally acquainted with Officer Lucero, had information, by reason of his familiarity with law enforcement, that would allow the court to infer he knew of the official status of the officer making the stop. We believe the State satisfied both tests.

The facts that Officer Lucero was using a marked police unit and was wearing a windbreaker with "Albuquerque Police" clearly marked in two places sufficed to support a finding that he was wearing a uniform clearly indicating his official status. Officer Lucero testified that it was APD's policy for off-duty officers making a traffic stop to wear either jackets or windbreakers which display the shield on the front and the shoulder patch when they are able to do so. Defendant did not offer evidence to the contrary. Thus, we hold this evidence satisfied the objective test.

Additionally, the district court could infer Defendant actually knew Officer Lucero was acting in his official capacity and was a peace officer. Defendant pulled up along side the police unit; accelerated after observing Officer Lucero in civilian clothes; and then abruptly confronted the officer about his lack of uniform immediately after the stop. These facts would permit an inference that Defendant, a former law enforcement officer, was trying to taunt Officer Lucero and challenge his status because of the apparel he was wearing. The district court could find that Defendant demonstrated little doubt as to Officer Lucero's official status. This would satisfy the subjective test.

Defendant seems to recognize in his reply brief that resolution of the question turns on whether substantial evidence supports a finding that Officer Lucero was wearing a uniform clearly indicating his official status. Defendant concedes that the reviewing court views the evidence in the light most favorable to support the trial court's determination of guilt and will resolve all conflicts and indulge all inferences in favor of upholding that judgment. *See State v. Orgain,* 115 N.M. 123, 126, 847 P.2d 1377, 1380 (Ct.App.), *cert. denied,* 115 N.M. 145, 848 P.2d 531 (1993). Thus, on the facts cited, Defendant contends, as a matter of law, that Officer Lucero could not have been found to be in uniform at the time of the stop and issuance of the citation. For the reasons stated, we disagree.

■ Defendant makes an argument that public policy supports the requirement that an officer making an arrest or stopping to issue a citation be in full uniform; otherwise, the public would be at risk of danger when stopped by police impersonators. While we recognize that there is that risk, we are not persuaded that in this day and time when law enforcement uniforms are probably readily available, the risk would be that much lessened by requiring the officer to wear his or her full attire before making a stop or arrest. Here, however, we are satisfied there were sufficient indicia of official status to satisfy the statute and to support the district court's

164

implicit finding. Not every technical violation of the requirement that a peace officer display his authority will invalidate an arrest. *Ford v. State,* 21 A.D.2d 437, 250 N.Y.S.2d 857 (1964); *cf. State v. Hutton,* 108 N.H. 279, 235 A.2d 117, 121 (1967) (whether arrest occurs should not be tested by "post facto technicalities and formalisms of no vital importance"). Here there is no contention on Defendant's part that he was ignorant of the identity of the officer, or that any act on his part was caused by his ignorance of such identity. Under these circumstances, he has no legitimate basis on which to challenge his arrest. *Ward v. State,* 126 Ga.App. 214, 190 S.E.2d 444 (1972).

For the foregoing reasons, we affirm Defendant's conviction for speeding.

IT IS SO ORDERED.

BLACK and FLORES, JJ., concur.