This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO.   31,660**

**CRISTINA CABALLERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellee

Bowles & Crow
Jason Bowles
B.J. Crow
Monnica L. Garcia
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant Cristina Caballero appeals from a district court order denying her motion to suppress evidence obtained during a traffic stop. She made this motion in the district court after entering a conditional plea to driving while intoxicated and failing to maintain her traffic lane in magistrate court, reserving the suppression issue for the district court's review. *See State v. Celusniak*, 2004-NMCA-070, ¶¶ 7-15, 135 N.M. 728, 93 P.3d 10 (discussing use of conditional pleas in magistrate court). This Court issued a memorandum opinion affirming, but withdrew the opinion after Caballero filed a motion for rehearing. Now, on rehearing, we again find no error in the district court's decision, and we affirm.

"Appellate review of a district court's decision regarding a motion to suppress evidence involves mixed questions of fact and law." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964. "As a reviewing court we do not sit as a trier of fact; the district court is in the best position to resolve questions of fact and to evaluate the credibility of witnesses." *Id.* "We view the facts in the manner most favorable to the prevailing party and defer to the district court's findings of fact if substantial evidence exists to support those findings." *Id.*

Caballero claims that her detention was unlawful because the arresting officer was not in uniform. Caballero relies on two statutory provisions: NMSA 1978, Section 66-8-124(A) (2007), which states that "[n]o person shall be arrested for violating the Motor Vehicle Code or other law relating to motor vehicles punishable as a misdemeanor except by a commissioned, salaried peace officer who, at the time of arrest, is wearing a uniform clearly indicating the peace officer's official status," and NMSA 1978, Section 66-8-125(C) (1978), which states that "[m]embers of the New Mexico state police, sheriffs, and their salaried deputies and members of any municipal police force may not make arrest for traffic violations if not in uniform[.]" We note that NMSA 1978, Section 66-8-137(B) (1978), provides that "the fact . . . that the person making the arrest was not in uniform at the time is a defense to the charge." *See State v. Archuleta*, 118 N.M. 160, 162, 879 P.2d 792, 794 (Ct. App. 1994) (relying on the statutory defense as a basis for analyzing the defendant's argument in favor of reversing his conviction); *see also State v. Maes*, 2011-NMCA-064, ¶¶ 4, 14, 149 N.M. 736, 255 P.3d. 314 (declining to reach the question of whether suppression is an appropriate remedy for the violation of the statutes requiring an officer to be in uniform since neither statute was violated). Therefore, regardless of whether suppression is appropriate or not, it appears that Caballero's

argument that the officer violated the statutory uniform requirement, if correct, would provide her with the ultimate relief she seeks—reversal of her convictions.

In *Archuleta*, this Court interpreted Sections 66-8-124(A) and 66-8-125(C), and recognized two alternative and independent tests for determining whether an officer is in "uniform" as that term is used in the statutes. *Archuleta*, 118 N.M. at 163, 879 P.2d at 795. The first is "whether there are sufficient indicia that would permit a reasonable person to believe the person purporting to be a peace officer is, in fact, who he claims to be[.]" *Id.* The second is "whether the person stopped and cited either personally knows the officer or has information that should cause him to believe the person making the stop is an officer." *Id.* Therefore, the meaning of the term "uniform" as construed by this Court is quite broad and can encompass facts entirely unrelated to what an officer is wearing, such as other indicia of the officer's authority and the motorist's own prior knowledge about the officer.

In *Archuleta* an off-duty officer wearing plain clothes and a windbreaker bearing a cloth badge and marked with the words "Albuquerque Police" stopped the defendant for speeding. *Id.* at 161, 879 P.2d at 793. The officer was in a marked police vehicle. *Id.* We held that the officer was in uniform for purposes of the statutes because a reasonable person would have understood that the person executing the stop

4

was a police officer since he was wearing a windbreaker with clear police markings on it and was driving a marked police car. *Id.* at 163, 879 P.2d at 795.

In *Maes*, two officers wearing basic duty uniforms (BDUs) and driving an unmarked vehicle stopped the defendant for a traffic violation. 2011-NMCA-064, ¶ 3. The BDUs consisted of plain black pants, black boots, and a black vest, with a black long-sleeved shirt with the words "STATE POLICE" in large bold yellow lettering on the sleeves, the words "POLICE" in large bold white lettering on one shoulder, and a cloth badge also on the right shoulder. *Id.* ¶ 11. The officers were also wearing an equipment belt, holster, firearm, and metal police badge. *Id.* We concluded that the officers were in "uniform" for purposes of the statutes because "[t]he word police is printed in large lettering in several locations on the garments comprising a BDU and an individual donning a BDU has equipment on their person consistent with what a police officer would possess." *Id.*

Applying *Archuleta* and *Maes* to the facts in the current case indicates that a reasonable person would have understood that the person who stopped Caballero was a police officer. Although the officer's vehicle was not marked, it did have emergency lights concealed in the grill, which became visible when the officer activated them. Before approaching Caballero, the officer put on an official vest that had the word "Police" boldly written in white on the front and back, and a cloth badge on the chest.

5

The officer also wore a weapon with his metal badge clipped next to it, and these items were visible to Caballero. When the officer first came into contact with Caballero, he immediately informed her of his identity and that he was with the special investigations unit. Although Caballero introduced evidence to demonstrate that she did not see the "Police" lettering or the badge and gun, the district court, sitting as fact finder, was free to reject Caballero's claim in light of contrary evidence. *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (observing that fact finder may reject a defendant's version of events). Viewing the facts in the light most favorable to the district court's ruling, there were sufficient indicia to demonstrate to a reasonable motorist that the officer was a peace officer.

Caballero argues that a reasonable person would not have believed that the officer in this case was a police officer because the officer was in an unmarked car, and items such as police vests and badges can be easily purchased by non-officers through the internet. However, we have previously held that the fact that non-officers can purchase items in order to disguise themselves as officers has no impact on whether an officer is in uniform for purposes of Sections 66-8-124(A) and 66-8-125(C). *See Maes*, 2011-NMCA-064, ¶ 13; *Archuleta*, 118 N.M. at 163-64, 879 P.2d at 795-96. As we stated in *Maes*, and as demonstrated by the evidence that Caballero presented in the district court, law enforcement uniforms are now readily available.

Therefore, Caballero's argument would require the conclusion that no officer is ever in uniform—since uniforms are so easily accessible to non-officers—unless the officer is also driving a marked police vehicle. *Maes*, which also involved an unmarked police vehicle, rejected this reasoning, and based on this precedent we again reject it here. The purpose of Sections 66-8-124(A) and 66-8-125(C) is not to prevent non-officers from impersonating officers; that function is served by the criminal law. *See* NMSA 1978, Section 30-27-2.1 (1999) (making it a crime to impersonate a peace officer). Instead, Sections 66-8-124(A) and 66-8-125(C) simply mandate that when actual officers engage in a traffic stop, they do so with indicia of their identity as police officers sufficient to alert a reasonable motorist to the fact that it is the police who are stopping her. *See Archuleta*, 118 N.M. at 162, 879 P.2d at 794 ("It seems clear enough that the intention of the [L]egislature in requiring the officer to wear a uniform plainly indicating his official status was to enable the motorist to be certain that the officer who stops him is, in fact, a police officer."). Such indicia were present here.

Caballero also argues that because the officer was part of the Department of Public Safety's special investigations division, which is charged with enforcing the Bingo and Raffle Act and the Liquor Control Act, *see* NMSA 1978, Section 9-19-7(C) (2007), he was not authorized to make the traffic stop in question, thereby rendering

it illegal. However, Caballero failed to preserve this issue in the district court. Although her motion to suppress included the fact that the officer was with the special investigations division and although she mentioned in a footnote that the division is responsible for the enforcement of the Bingo and Raffle Act and the Liquor Control Act, she never made any legal argument that these facts render the stop illegal in this case. Consistent with this, Caballero's proposed conclusions of law on her motion to suppress related solely to the fact of whether the officer was in uniform such that a reasonable person would believe that he was a peace officer. And the district court's ruling makes clear that the only question before it was whether the officer was in uniform. Accordingly, Caballero failed to preserve this issue for review and we decline to address it on appeal. *See* Rule 12-216(A) NMRA ("To preserve a question for review[,] it must appear that a ruling or decision by the district court was fairly invoked[.]").

Therefore, because Caballero has failed to demonstrate reversible error on appeal, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

8

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**


_____
**TIMOTHY L. GARCIA, Judge**